Filed 8/10/22 In re Q.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FIVE

| | |
|---|---|
| In re Q.S., Jr., a Person Coming Under Juvenile Court Law. | B318456 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP04959B) |
| Plaintiff and Respondent, | |
| v. | |
| C.T. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tara Newman, Judge. Conditionally reversed and remanded with directions.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant C.T.

Karen Dodd, under appointment by the Court of Appeal, for Defendant and Appellant Q.S., Sr.

Dawyn Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

Kristin Hallak, Children's Law Center 5, for Q.S., Jr., Minor.

_____

The parents appeal from an order terminating parental rights to their son under Welfare and Institutions Code section 366.26.  They contend the juvenile court erred when it determined the Los Angeles County Department of Children and Family Services (DCFS) satisfied its inquiry obligations under the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) and related California law as to son's possible Indian heritage. No interested party filed a respondent's brief; instead, mother, father, DCFS, and son filed a joint application and stipulation for conditional affirmance and remand to the juvenile court to permit proper compliance with ICWA and related California law.  We accept the parties' stipulation, but our disposition is a conditional reversal.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)  Here, DCFS only inquired with mother regarding Native Amerian ancestry; DCFS did not ask father or any other family member about heritage.  And, after reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

2

***DISPOSITION***

The juvenile court's January 14, 2022, order terminating parental rights to son is conditionally reversed, and the matter is remanded to the juvenile court for proceedings required by this opinion. The court shall order DCFS to make reasonable efforts to interview available maternal and paternal family members about the possibility of the parents' Indian ancestry and to report on the results of DCFS's investigation. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law. The remittitur shall issue forthwith.

RUBIN, P. J.

I CONCUR:

KIM, J.

3

In re Q.S., Jr.
B318456


BAKER, J., Dissenting

I would reject the parties' stipulation to remand the matter to the juvenile court. This court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].) There is a good case to be made, if this court invited further merits briefing, that substantial evidence supports the juvenile court's Indian Child Welfare Act determination. (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Ezequiel G.* (July 29, 2022, B314432) ___ Cal.App.5th ___; *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)


BAKER, J.